| | | |
|---|---|---|
| **Fill in this information to identify your case:** | | |
| Debtor 1 | **Chad M Schutts** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF WISCONSIN | |
| Case number (if known) | 19-30975 | ☐ Check if this is an amended filing |

Official Form Plan for the
<u>Eastern District of Wisconsin</u>
# Chapter 13 Plan                                                                                                          10/17

## Part 1:  Notices

**To Debtors:**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not mean that the option is necessarily appropriate for you.  Plans that do not comply with local rules and judicial rulings may not be confirmable. Nothing in this plan controls over a contrary court order.**

**THIS FORM PLAN MAY NOT BE ALTERED OTHER THAN THE NONSTANDARD PROVISIONS IN PART 8 BELOW.**
*Nonstandard provisions set out elsewhere in this plan are ineffective.*

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation. The objection must be filed within 28 days of the completion of the Section 341 Meeting of Creditors. Failure to file a timely objection constitutes acceptance of the plan and its terms. The court will schedule a hearing on any timely filed objections. The court may confirm this plan without further notice if no objection is filed. In addition, a timely proof of claim **must** be filed in order to receive payments from the trustee under this plan.

**Note to Secured Creditors:** If your secured claim is not provided for in Part 3 below, no funds will be disbursed to you by the trustee on your secured claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☑ Not Included |

## Part 2:  Plan Payments and Length of Plan

**2.1  Debtor(s) will make regular payments to the trustee as follows:**

   <u> $159.23 </u> per <u> Week </u> for <u> 60 </u> months
   *Insert additional lines if needed.*

   The plan may not provide for payments over a period that is longer than 60 months.

| Debtor | **Chad M Schutts** | Case number | **19-30975** |
|---|---|---|---|

For OVER median income debtors, the plan must be 60 months or a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

For UNDER median income debtors, the debtor(s) must make sufficient periodic or other payments to enable the trustee to make the payments to creditors stated in this plan, regardless of the number of months indicated in this part of the plan. Thirty-six or more months after confirmation, the plan's term will end when all holders of allowed nonpriority unsecured claims have received the payment amount or percentage stated in Part 5. Prior to 36 months after confirmation, the plan term will end when all holders of allowed claims have received the payment required by the plan and holders of nonpriority unsecured claims have been paid in full. The plan term will not end earlier than stated in this Part 2 if there is a creditor listed in § 4.5 of this plan that will receive less than full payment of its claim under 11 U.S.C. §§ 1322(a)(4) and 507(a)(1)(B).

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- [✓] Debtor(s) will make payments pursuant to a payroll deduction order.
- [ ] Debtor(s) will make payments directly to the trustee.

Please note: Debtors are responsible for any payments set forth in the plan or confirmation order that are not withheld under a payroll deduction order.

**2.3 Income tax refunds.**

The debtor(s) will supply the trustee with a copy of each federal and state income tax return filed during the plan term within 14 days of filing any return. The tax refunds received by the debtor(s) must be accounted for on Schedules I and J and, if applicable, Form 22-C-2.

**2.4 Additional payments.**
*Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ 41,400.00 .**

---

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
- [✓] **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*
- [✓] **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
- [ ] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- [✓] The claims listed below were either:

   (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

   (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

   These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee. The claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) or 3004 controls over any contrary amount listed below.

   If no entry is made in the *Interest rate* column, the proof of claim controls the rate of interest. If no interest rate is listed in

| | |
|---|---|
| Debtor **Chad M Schutts** | Case number **19-30975** |

the plan or proof of claim, no interest will be disbursed by the trustee. The trustee will disburse amounts listed under the *Monthly plan payment* column in equal monthly payments. If no amount is listed in *Monthly plan payment* column, the trustee will disburse payments pro rata with other creditors of the same class. If the court orders relief from the automatic stay as to any item of collateral listed in this paragraph, the trustee will cease disbursement of all payments under this paragraph as to that collateral, and the plan will be deemed not to provide for all secured claims based on that collateral.

The holder of any claim listed below as having value in the Amount of claim column will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Chase Auto Finance | 2011 Toyota Tacoma 82,000 miles Kelley blue book private party value in good condition $17,529.00. | $7,189.00 | 6.00% | pro-rata | $7,684.01 |

*Insert additional claims as needed.*

**3.4 Lien avoidance**.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Entry of an order confirming this plan immediately (1) terminates the stay under 11 U.S.C. § 362(a) as to the collateral only, and (2) terminates the stay under 11 U.S.C. § 1301; additionally, (3) the collateral is deemed abandoned under 11 U.S.C. § 554(b). Any allowed unsecured claim resulting from the disposition of the collateral is provided for in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Home Point Financial Center | 2911 12th Ave. Moline, IL 61265  Rock Island County Estimated fair market value $116,028.00 from 2019 tax bill. |

*Insert additional claims as needed.*

**3.6 Pre-confirmation adequate protection payments.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*
☑ Secured creditors who are entitled to pre-confirmation adequate protection payments on personal property under 11 U.S.C. § 1326(a) must file a claim to receive such payments. Upon confirmation, the treatment of secured claims will be governed by the applicable paragraph above. The principal amount of the claim will be reduced by the amount of adequate protection payments disbursed by the trustee. The trustee will make the following monthly disbursements to creditors:

| Name of creditor | Collateral | Monthly adequate protection payment amount |
|---|---|---|
| Chase Auto Finance | 2011 Toyota Tacoma 82,000 miles Kelley blue book private party value in good condition $17,529.00. | $75.00 |

*Insert additional claims as needed.*

| Debtor | **Chad M Schutts** | Case number | **19-30975** |
|---|---|---|---|

### Part 4: Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without post-petition interest unless otherwise provided in the plan.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.50**% of plan payments; and during the plan term, they are estimated to total $**2,526.60**.

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,500.00**.

**4.4 Priority claims other than attorney's fees and domestic support obligations as treated in § 4.5.** The priority debt amounts listed on a filed proof of claim control over any contrary information or amounts listed in this section. *Check one.*
- ☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
- ☑ The debtor(s) estimate the total amount of other priority claims to be **$9,603.00** as detailed below.

| Name of Creditor | Estimated amount of priority unsecured claim |
|---|---|
| **IRS** | $4,940.00 |
| **Wisconsin Department of Revenue** | $4,663.00 |

*Insert additional claims as needed.*

**4.5 Domestic support obligations.** The priority debt amounts listed on a filed proof of claim control over any contrary amounts listed in this section.

*Check one or more.*

- ☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☑ The sum of $ **17,086.39**
- ☐ ____% of the total amount of these claims, an estimated payment of $____
If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one*.

- ☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts, Unexpired Leases, and Post-Petition Claims Filed Under § 1305

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2 Post-petition claims filed under 11 U.S.C. § 1305.** *Check one.*

| Debtor | **Chad M Schutts** | Case number | **19-30975** |
|---|---|---|---|

☐ If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse no funds on any that claim.

☑ If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse funds on the claim. Debtor(s) will modify the plan if necessary to maintain plan feasibility.

### Part 7: Vesting of Property of the Estate and Order of Distribution of Available Funds by the Trustee

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☑ plan confirmation.
☐ entry of discharge (unless a debtor is not eligible for a discharge, in which case property of the estate will vest in the debtor(s) upon the filing of the Notice of Plan Completion on the docket by the trustee).
☐ other: _____

**7.2 Order of distribution of available funds by the trustee after plan confirmation.**

Regular order of disbursement after trustee fees:

Any equal monthly payments to secured creditors listed in Part 3, then

all attorney's fees listed in § 4.3, then

all secured debt (paid pro rata) without equal monthly payments in Part 3 and lease arrearages in § 6.1, then

all priority debt (paid pro rata) under § 1322(a)(2) in §§ 4.4 and 4.5, then

all priority debt (paid pro rata) under § 1322(a)(4) in § 4.5, then

all non-priority unsecured debt (paid pro rata) in Part 5, then

any § 1305 claims in § 6.2.

**Should the case be dismissed or converted to another chapter, the trustee will refund all funds on hand to the debtor(s).**

E.D. Wis. Form Plan

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

**Chapter 13 Plan**

Page 5

Best Case Bankruptcy

Case 19-30975-bhl    Doc 12    Filed 11/27/19    Page 5 of 7

| Debtor | Chad M Schutts | Case number | 19-30975 |
|---|---|---|---|

## Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**
   ☑    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures:

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

X  **/s/ Chad Schutts**
   **Chad M Schutts**
   Signature of Debtor 1

X
   Signature of Debtor 2

Executed on   **November 27, 2019**

Executed on

X  **/s/ Shane S. Cigel**
   **Shane S. Cigel 1047198**
   Signature of attorney for Debtor(s)

Date   **November 27, 2019**

**By filing this document, each debtor, if not represented by an attorney, or the attorney for each debtor also certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Official Form Plan for the Eastern District of Wisconsin, other than any nonstandard provisions included in Part 8.**

E.D. Wis. Form Plan                                **Chapter 13 Plan**                                Page 6
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

Case 19-30975-bhl    Doc 12    Filed 11/27/19    Page 6 of 7

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*): | $0.00 |
| b. | **Modified secured claims** (*Part 3, Section 3.2 total*): | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*): | $7,684.01 |
| d. | **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*): | $0.00 |
| e. | **Fees and priority claims** (*Part 4, total*): | $16,629.60 |
| f. | **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*): | $17,086.39 |
| g. | **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | $0.00 |
| h. | **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** (*Part 6, total*) | $0.00 |
| j. | **Nonstandard payments** (*Part 8, total*)    + | $0.00 |

**Total of lines a through j**                                                          $41,400.00